UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER WAELLNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-932 (CEJ) |
| ) | |
| NATIONAL CREDIT WORKS II, LLC, ) | |
| and GREGORY C. EMMINGER, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendants National Credit Works II, LLC, (NCW) and Gregory G. Emminger, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiff Jennifer Waellner brings this action to recover damages for defendants' acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (FDCPA). The summons and a copy of the complaint were served on defendants on May 27 and May 31, 2011. Defendants did not file an answer or other responsive pleading and, on July 5, 2011, the Clerk of Court entered default against defendants.

### I.  Background

Plaintiff alleges in her complaint that defendant NCW is engaged in the business of collecting debts owed to third parties. Plaintiff further alleges that defendant Gregory G. Emminger acted as an owner, officer, director, manager and/or agent of National Credit Works and was vested with the responsibility to manage the NCW employees who attempted to collect from plaintiff a debt that she had already paid.

Plaintiff claims that NCW employees committed the following acts in violation of the FDCPA:

1. Engaged in harassing, oppressive and/or abusive conduct in connection with the collection of the alleged debt in violation of § 1692d;

2. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of § 1692e;

3. Falsely represented the character, amount, or legal status of the alleged debt in violation of § 1692e(2)(A);

4. Falsely represented that nonpayment of the alleged debt would result in arrest or garnishment in violation of § 1692e(4);

5. Threatened to take action that could not legally be taken in violation of § 1692e(5);

6. Falsely represented or implied that plaintiff committed a crime or other conduct to disgrace her in violation of § 1692e(7);

7. Used false representations or deceptive means to attempt to collect a debt from plaintiff in violation of § 1692e(10);

8. Failed to disclose in phone conversations that they were debt collectors attempting to collect a debt in violation of § 1692e(11);

9. Used unfair and/or unconscionable means to attempt to collect a debt in violation §1692f;

10. Attempted to collect funds from plaintiff despite having no lawful authority to do so; and

11. Were otherwise deceptive and failed to comply with the provisions of the FDCPA.

Plaintiff alleges that these actions caused her personal humiliation, embarrassment, mental anguish, and emotional distress.

In an affidavit submitted in support of her motion for default judgment, plaintiff states that NCW first contacted her on April 14, 2011 by leaving a message on her telephone. The caller failed to state that the purpose of the call was to collect a debt and that any information would be used for that purpose. Plaintiff returned the call to NCW and was told that she owed $366.00 to Ace Cash Express (Ace). Plaintiff had previously paid the debt in full and so the NCW employee's statement was false.

Plaintiff told the NCW employee that she had documentation showing that she had paid the debt in full. The employee told plaintiff that she had to provide NCW with the documentation and failed to tell plaintiff that she had the right to request NCW to provide its documentation of the debt. Plaintiff described the documentation she had and was told that it was sufficient to resolve the matter. As requested by NCW, plaintiff faxed the documentation to NCW on April 14, 2011.

On April 15, 2011, plaintiff received another call from NCW attempting to collect the Ace debt. The NCW employee told plaintiff that the documentation she submitted was not sufficient because the debt was for $566.00, not $366.00. When plaintiff stated that she did not have additional funds, had been hospitalized, and was applying for social security disability, the NCW employee yelled at her and told her that NCW would "take [her] for everything" she had. The NCW employee also stated that a law suit would be filed against her and that, because she had refused to pay the debt, NCW was not obliged to provide her with documentation.

Plaintiff called Ace on April 19, 2011, and confirmed that she had paid the debt in full. The Ace representative with whom plaintiff spoke also confirmed that the documentation in plaintiff's possession was sufficient to establish that her debt was paid in full. Later that same day, plaintiff received another phone message from NCW. The caller stated that NCW was aware that plaintiff had contacted Ace. The caller told plaintiff that she had to provide a letter from Ace saying she had discharged the debt. The caller further stated that plaintiff had until the end of the day to call NCW to set up a payment plan. Plaintiff received the impression that NCW would file a lawsuit against her if she did not enter a payment plan by the end of the day. Plaintiff called NCW but failed to convince the NCW employee that she did not owe the debt.

On May 13, 2011, plaintiff received a message from an NCW "investigator," calling from NCW's "legal department." The caller provided a "case number" and stated that plaintiff or her attorney should call "immediately regarding a pending civil action in the county courts to answer allegations of malicious attempts to defraud a financial institution and theft of services." Despite NCW's message, no lawsuit was ever filed against plaintiff. Plaintiff received additional messages from NCW on May 18 and 19, 2011.

Plaintiff filed this action on May 23, 2011. She seeks actual damages in the amount of $6,500.00, statutory damages in the amount of $1,000.00, and attorney's fees and costs in the amount of $3,466.00.

II. **Discussion**

In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors," § 1692(a), and debt collectors are liable for failure to comply with "any provision" of the Act. § 1692k(a). The FDCPA prohibits a debt collector from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d; using "any false, deceptive, or misleading representation or means," 15 U.S.C. § 1692e; and using "unfair or unconscionable means" to collect any debt, 15 U.S.C. § 1692f. In

determining whether a debt-collection communication was false, deceptive, misleading, unfair, or unconscionable, the communication must be viewed through the eyes of an unsophisticated consumer. Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-18 (8th Cir. 2004); Peters v. General Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). Any debt collector who fails to comply with any provision of the FDCPA is liable for "actual damages sustained by such person," "such additional damages as the court may allow, but not exceeding $1,000," and, in a successful action to enforce the FDCPA, "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(1)-(3). In determining the amount of liability, the Court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

Based on the allegations in the complaint, which the defendants have admitted through their default, and plaintiff's evidence presented in her affidavit, the Court finds that the defendants have violated provisions of the FDCPA.

The FDCPA provides for statutory damages in an amount up to $1,000.00 for each lawsuit, § 1692k(a)(2)(A), in addition to any actual damages. See Wright v. Finance Serv. of Norwalk, Inc., 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation"). In determining the amount of statutory damages to be awarded in a particular case, a court shall consider, among other factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1).

In this instance, plaintiff had more than eight telephone contacts with NCW. At least six of those contacts occurred after an NCW representative told plaintiff that the documentation she offered to provide was sufficient to establish that she had paid the debt in full. Despite receiving that information, NCW employees continued to contact plaintiff. Furthermore, they told plaintiff that the amount of her alleged debt was $200.00 more than what was stated initially. NCW employees yelled at her, told her that they would take "everything" that she had, and falsely threatened her with suit. NCW employees also attempted to manipulate or coerce her into entering a payment plan for a debt that she did not owe. Furthermore, NCW never provided plaintiff with the statutorily required written validation of the alleged debt, § 1692g, and falsely told her that they were not required to do so because she contested the debt. Under these circumstances, the Court concludes that plaintiff is entitled to $1,000.00 in statutory damages. See Williams v. Delanor, Kemper & Assoc., LLC, No. 4:11-CV-97 (CAS), 2011 WL 1304896 (E.D. Mo. April 1, 2011) (awarding $1,000.00 statutory damages where plaintiff received phone call threatening legal action and prosecution, a letter threatening legal action, plus seven additional voicemail messages after defendant was informed plaintiff was represented by counsel); Jenkins v. Eastern Asset Mgmt., LLC, 4:08-CV-1032 (CAS) (E.D. Mo. Aug. 19, 2009) (awarding $1,000.00 statutory damages where defendant called plaintiff at work five times in one week despite being told that plaintiff could not receive calls at work).

Plaintiff seeks $6,500.00 in actual damages. "Actual damages" under the FDCPA include damages for embarrassment and emotional distress. Thomas v. Smith, Dean & Assocs., Inc., 2011 WL 2730787, at *3 (D. Md. 2011) (listing cases). Plaintiff states in her affidavit that NCW's statements caused her to believe that she was dealing with

a government or police agency and that she faced criminal charges and jail for a debt that she had already paid and for which she had submitted proof of payment. She states that she was panicked, anxious, and afraid. She could not perform her daily tasks or complete her disability application. As a result of the stress she suffered, she became isolated from friends and family and experienced problems with her fiancé. She could not sleep at night and could not eat. She did not have money to hire a lawyer or see a psychologist. Plaintiff states that she suffered and continues to suffer personal humiliation, embarrassment, mental anguish, and emotional distress.

A survey of FDCPA cases indicates that plaintiff's request for $6,500.00 exceeds the typical award for actual damages for emotional distress where plaintiff did not obtain treatment. See, e.g., Thomas v. Smith, Dean & Assocs., Inc., 2011 WL 2730787, at *3-4 (D. Md. July 12, 2011) (recommending award of $1,500.00 to plaintiff who suffered emotional distress for three days because she was concerned that she could be jailed for failure to pay her judgment and was embarrassed and humiliated by calls to her boss and a friend); Marchman v. Credit Solutions Corp., 2011 WL 1560647, at *8 (M.D. Fla. Apr. 5, 2011) (finding no actual damages where plaintiff generally alleged she suffered sleepless nights, anxiety and depression, but did not seek medical or professional services and did not suffer lost wages or other quantifiable damages). Plaintiff's request is also out of line with amounts typically awarded in this district. See Williams v. Delanor, Kemper & Assoc., LLC, No. 4:11-CV-97 (CAS), 2011 WL 1304896 (E.D. Mo. April 1, 2011) (awarding $2,500.00 actual damages to plaintiff who received phone calls for three months, including after her lawyer contacted defendant, and who testified that she was "terrified" when defendant threatened her with legal action for "her criminal conduct"); Jenkins v. Eastern Asset

Mgmt., LLC, 4:08-CV-1032 (CAS) (E.D. Mo. Aug. 19, 2009) (awarding $2,000.00 to plaintiff who received five phone calls in one week, including calls to workplace); and Poniewaz v. Regent Asset Mgmt. Solutions, Inc., 4:10-CV-867 (CEJ) (E.D. Mo. Sept. 7, 2010) (awarding $500.00 to plaintiff alleging that she received two phone calls and that a supervisor hung up on her). In this case, plaintiff continued to receive threatening phone calls after she documented that she did not actually owe the debt. Her multiple attempts to resolve the dispute with NCW met only with failure and, when plaintiff told an NCW employee that she had been in the hospital and was applying for disability, she was yelled at and threatened with losing "everything." The Court will award plaintiff $3,500.00 in actual damages in compensation for the mental distress caused by defendants' conduct.

Plaintiff's counsel has submitted an affidavit detailing the tasks completed in the handling of this case. Upon review, the Court finds that the number of hours expended and the hourly rates for each attorney are reasonable, and thus the Court will award plaintiff $3,016.00 in attorney's fees plus $450.00 for the costs of filing the complaint and serving the summonses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [Doc. #16] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of October, 2011.